In the Matter of the Claim of LAURA DI STEFAN, Respondent, against ISRAEL & BRENNER, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its carrier appeal from a decision of the Workmen's Compensation Board awarding payment of compensation to the claimant. The only issue is whether the employer has made advance payments of compensation to the claimant within the meaning of section 28 of the Workmen's Compensation Law. The accident occurred on or about August 4, 1948. The employer's first report of injury is dated May 23, 1951. Claimant has never filed a claim and her failure to do so has been excused by the board by reason of its findings that the employer has made advance payments of compensation and was not prejudiced by lack of timely notice. Claimant was employed as a buyer in employer's retail store in Albany. She was paid a salary by check from employer's New York office as were certain other employees whose duties were of an executive nature and whose compensation, like that of claimant, was not increased by overtime work or diminished by absences from the employment. The remaining employees were compensated on the basis of a regular payroll made up and paid in Albany. The board has found upon substantial evidence that claimant lost three days from work at the time of the accident and for that period, as well as for subsequent periods of disability and of hospitalization attributable to her injury, received her regular compensation. There was evidence that the occurrence of the accident was known at the time to the store manager and to his assistant and that the manager told claimant that he would report it. There was evidence, also, that the manager and later his successor knew that claimant's occasional absences and medical treatments over a period of some years were, by her at least, attributed to the accident. Further, the employer's report states that the employer knew of the injury at the time of the accident, the manager and his assistant then knowing about it "indirectly". The long period of inaction and delay on the part of claimant and employer alike might ordinarily give rise to some suspicion but in this case seems clearly the result of an initial impression that the injury was of little moment, which impression was not completely corrected by the first medical diagnosis or otherwise until the necessity for operative procedure became apparent. We find substantial the evidence upon which the board was entitled to find an advance payment within the meaning of section 28 of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.